## Home Owners' Loan Corp. v. Eiden et ux.

*Harold Weisberg*, for petitioner.
*Jerome K. Barrett*, for respondents.

LEWIS, J., December 22, 1937.—This is a petition filed by the Home Owners' Loan Corporation who became the purchaser of real estate at sheriff sale for citation to persons in possession to show cause why possession should not be delivered under Act of April 20, 1905, P. L. 239. After the citation was duly issued and served the respondent filed an answer alleging the reason for failure to deliver possession as follows:

"That the sheriff's deed conveying title to said real estate to the petitioner is a nullity for the reason that the

delivery of the same directly violated section 4 of the Act of April 22, 1905, P. L. 265, 12 PS §2537, entitled 'An Act Relating to Sheriff's and Coroner's Deeds'; which prohibited the sheriff from delivering the deed until there was a final disposition by the Supreme Court of Pennsylvania of a rule to set aside the said sheriff's sale. Said section 4 reads as follows: 'No deed shall be acknowledged before the return day of the writ under which the sale was had, or pending a motion to set aside the sale or exceptions made to its confirmation; nor shall a deed be delivered while such a motion or exceptions are pending, whether made before or after acknowledgment, and until the expiration of such further time, if any, as the Court may direct by rule, or special or standing order. At the expiration of the time stated and *after the final disposition of all such motions or exceptions,* if any such be made, the prothonotary or clerk shall deliver the deed to the sheriff or coroner, who shall forthwith cause it to be registered in the proper office, if registry be required, and recorded in the office for the recording of deeds and so forth for said county. The acknowledgment of the deed, and its delivery to the sheriff or coroner for the purpose of recording, shall operate as a delivery to the grantee or grantees named therein with the same effect as if acknowledged in open court, under existing laws, and as if delivered to such grantee or grantees personally.' "

The answer further sets forth that within three weeks after the Court of Common Pleas of Lackawanna County rendered the final order discharging the rule to set aside the sheriff sale of respondents' real estate, an appeal was taken to the Supreme Court, being no. 26, January term, 1938, and that the said appeal has not been finally disposed of. It is to be noted that in the appeal filed in the Supreme Court no bond was given as provided for under the Act of May 19, 1897, P. L. 67, in order to give the appeal the effect of a supersedeas. The question before the court arises whether the deed acknowledged by the sheriff and duly recorded is a nullity under the Act of 1905,

supra, since the appeal was pending and has not been finally disposed of.

We have examined the case of German v. Myers, 22 Dist. R. 663, wherein the same question was before the court. In an opinion by Ryan, P. J., the court at page 664 says as follows:

"It is evident that the legislature intended that a sheriff's deed shall be retained by the prothonotary, so long as there shall be pending anywhere any motion or exception questioning the validity of the sale of the property, which the deed, upon delivery, will convey. Should the sale be set aside, either by the court upon whose writ the sale was made or by an appellate court, by a reversal of the court below, the deed would become a nullity. To retain it in the custody of the prothonotary until the controversy is ended is to avoid the confusion and embarrassment that must ensue if the instrument shall be delivered, and later the sale which it carries into effect shall be set aside. It was, no doubt, to avoid such a result that the provisions of the Act of 1905, above cited, were enacted. To apply them to appeals is but to give effect to the evident purpose of the legislature. It is urged that to prohibit the delivery of the deed until after the appeal shall be disposed of is to give the latter the effect of a *supersedeas* without the entering of security as required in the cases specified in the Act of May 19, 1897, P. L. 67. There appears to be no provision of that act applicable to such an appeal as has been taken here, and, therefore, there is no conflict between the two statutes, if the Act of 1905 shall be construed to apply to appeals. Even if there were a conflict, the provisions of the later statute would prevail."

In our judgment that is the correct interpretation of section 4 of the Act of April 22, 1905, P. L. 265. Hence, it is the opinion of the court that any deed acknowledged, delivered and recorded is a nullity. We, therefore, are constrained to make the following order.

Now, December 22, 1937, rule to dismiss the citation is made absolute.